IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRYAN S. FOSTER dba JAGUARS GOLD CLUB, | § § § § | |
| Plaintiff, | § § | EP-08-CA-065-FM |
| v. | § | |
| THE CITY OF EL PASO, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant the City of El Paso's ("the City") "Motion to Dismiss" ("Motion") [Rec. No. 6], filed through counsel in the above-captioned cause on March 14, 2008. Therein, the City argues the Court should dismiss Plaintiff Bryan S. Foster's ("Foster") "Original Complaint and Request for Injunction" [Rec. No. 1] with prejudice pursuant to the *Younger* abstention doctrine.[1] Foster filed a "Response to Defendant's Motion to Dismiss" ("Response") [Rec. No. 8] on March 28, 2008. The City's "Reply Supporting Motion to Dismiss" ("Reply") [Rec. No. 9] followed on April 9, 2008. For the reasons discussed below, the Court concludes abstention is appropriate in this case. The Court will accordingly grant the City's Motion and dismiss this cause with prejudice.

I. **BACKGROUND**

Foster is an individual doing business in El Paso County, Texas, as "Jaguars Gold Club," an adult cabaret offering live nude or topless entertainment. On May 8, 2007, the El Paso City Council enacted Ordinance 016624 ("the Ordinance"), which "relat[es] to the licensing

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

requirements and regulations for sexually oriented businesses within El Paso." The Ordinance's purpose is "to regulate sexually oriented businesses in order to promote the health, safety, moral and general welfare of the citizens of the City, and to establish reasonable and uniform regulations to prevent the deleterious secondary effects of sexually oriented businesses within the City." The Ordinance requires sexually oriented businesses and their employees to obtain licenses and imposes several other restrictions on operations of and conduct in sexually oriented businesses. The Ordinance applies to all sexually oriented businesses in El Paso.

On June 20, 2007, Foster filed an original petition for declaratory and injunctive relief against the City as Cause No. 2007-2900 in the 34th Judicial District Court of El Paso County, Texas. In this state court lawsuit, Foster alleged the Ordinance unconstitutionally limits his right to operate an adult cabaret featuring nude or topless entertainment, in violation of the Texas Constitution's guarantees of free speech and expression, due process, equal protection, and adequate procedural safeguards. Foster filed an application for a temporary restraining order, asking the state court to enjoin the City from civilly and criminally enforcing the Ordinance. On August 10, 2007, the state court found that "Plaintiffs have failed to carry their burden of showing that El Paso Ordinance No. 016624 is unconstitutional or that they are likely to suffer imminent and irreparable injury if enforcement of the Ordinance is not temporarily restrained while they pursue their constitutional challenges against it in this lawsuit." Accordingly, the state court denied Foster's application for a temporary restraining order with the exception of one small phrase in the Ordinance. The order expired on August 24, 2007. The state court case is currently pending; trial is set for October 13, 2008.

On November 1, 2007, the City filed a complaint in United States District Court for the

Western District of Texas, El Paso Division, against the corporate entities owning and operating "Foxy's Nightclub" ("Foxy's") and "Lamplighter Lounge" ("Lamplighter"), two sexually oriented businesses located in El Paso. In its complaint, which was randomly assigned to the docket of the Honorable Kathleen Cardone, cause number EP-07-CA-380-KC, the City alleged that, in prior litigation between the parties, the presiding federal district court entered an Agreed Judgment and Permanent Injunction ordering that: (a) Foxy's and Lamplighter be recognized as legal, nonconforming uses under the El Paso zoning ordinances but that, (b) all other health and safety provisions of the City Code would remain applicable to those two businesses. The City alleged Foxy's and Lamplighter are sexually oriented businesses in El Paso and therefore subject to the Ordinance. However, the City acknowledged there is an actual controversy regarding whether the Agreed Judgment and Permanent Injunction order bars the City from enforcing the Ordinance against Foxy's and Lamplighter. Therefore, the City asked Judge Cardone to enter a declaratory judgment that the Agreed Judgment does not bar the City from enforcing the Ordinance against Foxy's and Lamplighter.

On December 21, 2007, the El Paso Police Department issued misdemeanor criminal citations under the Ordinance to at least three employees, agents, or independent contractors of Foster's adult cabaret. On February 26, 2008, Foster filed this lawsuit against the City. The gravamen of Foster's claim is that the City violated the due process and equal protection clauses of the United States Constitution by enforcing the Ordinance against Foster's adult cabaret but not against Foxy's and Lamplighter.

## II. THE *YOUNGER* ABSTENTION DOCTRINE

*Younger v. Harris* and its companion cases establish a presumption that a federal district

court must abstain from granting either injunctive or declaratory relief when state criminal actions or certain categories of state civil proceedings are pending against the federal plaintiff when the federal action is commenced.[2] "This doctrine, alternately called abstention or nonintervention, is based on considerations of equity, comity, and federalism."[3] "*Younger* abstention is generally deemed appropriate where assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character."[4] "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved."[5]

The Supreme Court has established the following tripartite test describing the circumstances in which federal court abstention is strongly advised.[6] First, the dispute should involve "an ongoing state judicial proceeding."[7] Second, the state must have an important interest in regulating the subject matter of the claim.[8] Third, "there should be 'an adequate opportunity in the state proceedings to raise constitutional challenges.'"[9] Regarding the former prong,

---

[2] *DeSpain v. Johnston*, 731 F.2d 1171, 1175 (5th Cir. 1984).

[3] *Id.* at 1175-76.

[4] *Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993).

[5] *Middlesex Co. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982).

[6] *Wightman v. Texas Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex*, 457 U.S. at 432).

[7] *Wightman*, 84 F.3d at 189 (quoting *Middlesex*, 457 U.S. at 435-37).

[8] *Id.*

[9] *Id.*

4

> [i]f the federal issues can be raised in the state proceeding, the failure to abstain would disrupt suits brought by the state and would reflect negatively on the ability of the state courts. The federal court must therefore ascertain whether the state law imposes a "barrier to the assertion of constitutional issues" in the state proceeding. To overcome the presumption in favor of abstention, the federal plaintiff must show that he had no *opportunity* to litigate the federal issue in state court.[10]

## III. DISCUSSION

The Court has carefully considered the parties' arguments. As the City's thorough and cogent analysis clearly demonstrates why abstention is proper in this case, the Court will not belabor the point by issuing a prolonged analysis of its own. Suffice it to say that, after independently applying the requisite factors to the case at bar, the Court finds abstention is appropriate under *Younger*. It is beyond doubt that the dispute at issue in Foster's federal lawsuit involves "an ongoing state judicial proceeding."[11] It is also clear the state has an important interest in regulating the operations of and conduct in sexually oriented businesses.[12] Further, the City has demonstrated that state law imposes no "barrier to the assertion of constitutional issues" in the state proceeding.[13] Accordingly, the Court will grant the City's Motion and dismiss

---

[10] *De Spain*, 731 F.2d at 1178.

[11] *See Wightman*, 84 F.3d at 189 (quoting *Middlesex*, 457 U.S. at 435-37).

[12] *Cf. City of L.A. v. Alameda Books*, 535 U.S. 425, 444 (2002) (Kennedy, J., concurring) (stating courts must accord "high respect" to a city's attempt to preserve the quality of urban life when the city uses its zoning authority to limit the locations of adult-oriented businesses); *Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 50 (1986) (concluding a zoning ordinance prohibiting adult motion picture theaters from locating within 1,000 feet of certain types of properties was designed to serve a substantial government interest); *Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 71 (1976) (plurality op.) ("[T]he city's interest in attempting to preserve the quality of urban life [by implementing zoning requirements for sexually oriented businesses] is one that must be accorded high respect.").

[13] *De Spain*, 731 F.2d at 1178.

Foster's federal lawsuit with prejudice.

## IV. CONCLUSION AND ORDERS

In sum, the Court finds abstention is proper under *Younger*. The Court therefore enters the following Orders:

    A.    The City's Motion [Rec. No. 6] is **GRANTED**.

    B.    The Court accordingly **DISMISSES** the above-captioned cause **WITH PREJUDICE**.

**SO ORDERED.**

SIGNED this 30 day of **April, 2008.**

                                                      FRANK MONTALVO
                                                      UNITED STATES DISTRICT JUDGE